EL PUEBLO, DEMANDANTE Y APELADO, *v.* IRIZARRY, ACUSADO Y APELANTE.

No. 2235.—*Visto:* Abril 3, 1924.    *Resuelto:* Abril 10, 1924.

DECLARACIÓN PERICIAL—CAPACIDAD DEL PERITO—DISCRECIÓN JUDICIAL.—No procede eliminar una declaración pericial por no haberse demostrado previamente la capacidad del perito. Si el acusado no promovió la cuestión de capacidad antes de declarar el perito, se presume que renunció a tal derecho. Además, la corte inferior tiene discreción para que la capacidad del perito se pruebe después de haber declarado.

ID.—PRUEBA ADMISIBLE.—Habiendo el acusado introducido prueba pericial para demostrar que la adición de formol por parte del inspector de sanidad para preservar la muestra de leche, causó la adulteración de ésta, el gobierno podía refutar esta prueba con otra prueba pericial.

ID.—JUICIO—PRUEBA; ORDEN DE LA.—El orden de la prueba es cosa que descansa en la discreción de la corte sentenciadora.

SENTENCIA de *R. Díaz Cintrón,* J. (Ponce), condenando a diez días de cárcel por adulteración de leche. *Confirmada.*

*Sres. Martínez Nadal, Tormes & Colón,* abogados del apelante; *José E. Figueras, Fiscal,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En un juicio por adulteración de leche se permitió declarar a un alegado perito del laboratorio químico, como parte de la prueba directa del gobierno, sin hacerse ninguna objeción en cuanto a no haber demostrado éste su capacidad, que la leche en cuestión estaba adulterada. El acusado entonces pidió a la corte que la declaración fuera eliminada toda vez que el testigo no había probado su capacidad. Si bien la corte puede ejercitar su discreción para eliminar, el fiscal muy acertadamente manifestó que el momento para oponerse era cuando el testigo empezó a declarar, queriendo decir, por supuesto, que el acusado renun-

ció el derecho probablemente debido a que el acusado sabía que el testigo estaba capacitado o podía demostrar su capacidad. La defensa hizo esta manifestación significativa, "Entonces no sería defensa para esta parte."

En otras palabras, la idea del acusado era que podía permitir que se diera una declaración y esperar entonces a que él pudiera técnicamente excluirla solicitando su eliminación. No solamente tuvo razón el fiscal al decir que la objeción era tardía, sino que la corte tiene amplia discreción para abrir el caso de nuevo o permitir al testigo que acredite su capacidad *nunc pro tunc,* por así decirlo. En el presente caso la corte inferior estuvo de acuerdo con el fiscal, pero para solucionar cualquier dificultad que pudiera presentarse permitió que se hiciera el interrogatorio con el fin de poner a prueba la capacidad pericial del testigo. El acusado alegó en contrario que el fiscal había terminado su interrogatorio directo y que el período de las repreguntas había llegado. La corte declaró sin lugar la objeción. El orden de la prueba es cuestión que está siempre dentro de la sana discreción de la corte sentenciadora. Estas consideraciones resuelven el primer señalamiento de error.

Según parece, es práctica de los inspectores agregar algún preservativo como el formol a la leche decomisada. En este caso se tomó dicha medida. La defensa ofreció prueba testifical para establecer el hecho de que el preservativo agregado fue el que causó la aparente adulteración. El gobierno entonces presentó un perito para declarar en cuanto al efecto de este preservativo o formol. El segundo señalamiento de error es el siguiente: "La corte cometió error al permitir que el testigo Rafael Pérez Porrata declarara para contrarrestar en términos generales la declaración del perito de la defensa Angel M. Pesquera." El fundamento de este señalamiento, a juzgar por la cita que hace el apelante, es que la condición de la leche es una cuestión principal en el caso y no puede ser probada por la mera opinión

de peritos. La defensa, sin embargo, introdujo prueba pericial para demostrar que la adición de formol adulteró o podía adulterar la leche. Su perito no era posible que supiera que la adición del preservativo había realmente adulterado la leche. Era esencialmente la mera opinión del perito de la defensa que tal adición podía producir la adulteración. A esta suposición científica el gobierno tenía el perfecto derecho de refutar como lo hizo. Asimismo hemos examinado la prueba y si bien algunas de las preguntas que se hicieron al perito no estaban en la mejor forma, su declaración fue clara y tendente a demostrar que la adición de formol no produjo la adulteración o la cantidad de agua aumentada.

El tercero y cuarto señalamiento de error se refieren a la apreciación de la prueba por la corte en esta contienda de peritos. Esta era una cuestión relativa al peso de la prueba y no vemos que haya habido error en la resolución de la corte.

*Debe confirmarse la sentencia apelada.*